UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAMANTHA HERNANDEZ,<br><br>                Petitioner,<br><br>   v.<br><br>H. BARRON, Warden, Federal Detention Center SeaTac, *et al.*,<br><br>                Respondents. | Case No. C23-968-BJR-SKV<br><br>REPORT AND RECOMMENDATION |

### I.    INTRODUCTION AND SUMMARY CONCLUSION

This is a federal habeas action proceeding under 28 U.S.C. § 2241. Petitioner Samantha Hernandez is a federal prisoner who is currently confined at the Federal Detention Center in SeaTac, Washington ("FDC SeaTac"). *See* Dkt. 1. Petitioner asserts in this action that the Federal Bureau of Prisons ("BOP") improperly denied her eligibility to have earned time credits ("ETCs") applied towards early release from confinement. *See id*. at 2. Petitioner further asserts that she is entitled to such credits under the First Step Act of 2018 ("FSA"). *See id.* at 3. Petitioner asks that the Court order the BOP to apply her ETCs towards her early release as guaranteed by the FSA. *See id*.

Respondents filed a response and suggestion of mootness asserting that the BOP has treated Petitioner as eligible for ETCs and that such credits have been applied to her sentence. *See* Dkt. 8. A subsequent submission by the Petitioner demonstrates there is no longer a case or controversy for this Court to adjudicate. *See* Dkt. 10. Accordingly, this Court recommends that Petitioner's federal habeas petition and this action be dismissed as moot.

## II.     BACKGROUND

On November 3, 2022, Petitioner was sentenced in the Western District of Washington, under case number CR20-136-JCC, to 18 months imprisonment for a violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(C). *See* Dkt. 1 at 2. Petitioner was remanded to custody the same day. *See id*. Petitioner is serving her sentence at FDC SeaTac with a projected release date, as calculated by the BOP, of February 3, 2024. *See id*.

Petitioner filed her petition for writ of habeas corpus in this Court on June 29, 2023. *See* Dkt. 1. Petitioner asserts therein that if the BOP applied the ETCs she has earned, she would be entitled to a release date several months earlier than her currently calculated release date of February 3, 2024. *See id*. at 2. According to the petition, the BOP determined that Petitioner was not eligible for ETCs because she was convicted of an offense involving 40 grams or more of fentanyl. *See id*. Petitioner contends that although the FSA states that a person is not eligible to apply credits if they are serving a sentence under subparagraphs (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act, *see* 18 U.S.C. § 3632(d)(4)(D)(lxvi), both of which trigger mandatory minimum sentences, there is no relevant statutory provision regarding fentanyl offenses that do not trigger a mandatory minimum penalty. *See id*. at 3.

Petitioner maintains that the BOP must apply ETCs to eligible people who have earned credits and "cannot categorically make prisoners ineligible for such credits in a manner that

REPORT AND RECOMMENDATION
PAGE - 2

contravenes the statutory scheme set forth in 18 U. S. C. § 3632." *Sierra v. Jacquez*, No. C22-1509-RSL-BAT, 2022 WL 18046701, at *4 (W.D. Wash. Dec. 27, 2022), report and recommendation adopted, No. C22-1509-RSL, 2023 WL 184225 (W.D. Wash. Jan. 13, 2023).

After reviewing the petition, this Court ordered that it be served on Respondents. Dkt. 6. On August 1, 2023, Respondents filed their response and suggestion of mootness. Dkt. 8. Respondents assert in their response that in July 2023, the BOP updated Petitioner's status to reflect that she is eligible to earn ETCs. *See id*, Attachment A. Respondents also assert that the BOP has credited Petitioner's FSA time credit assessment to reflect 90 days of FSA credits towards early release to a Residential Reentry Center ("RRC") or home confinement. *See id*, Attachment B. Respondents maintain, however, that while time credits can be applied to early release to an RRC/home confinement or early release to supervision under 18 U.S.C. § 3632(d)(4)(C), Petitioner's sentence does not include a term of supervised release. *United States v. Hernandez,* No. CR20-136-JCC (W. D. Wash.), Dkt. 268. Thus, according to Respondents, FSA time credits cannot be applied to early release to supervision in Petitioner's case. *See* Dkt. 8 at 1-2. Respondents argue that because Petitioner sought an order directing the BOP to treat her as eligible for ETCs and to apply such credits to her sentence, and the BOP has now done both, Petitioner has been afforded the relief sought by her petition and her petition is moot. *See id*. at 2.

On August 21, 2023, Petitioner filed a reply to Respondents' response and suggestion of mootness. In the reply, Petitioner agrees that her petition is moot given that the BOP has appropriately deemed Petitioner eligible to earn ETCs under the FSA. *See* Dkt. 10.

### III.  DISCUSSION

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual,

ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988).  Thus, to invoke the jurisdiction of the federal court, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  The Supreme Court has made clear that the case-or-controversy requirement "subsists through all stages of federal judicial proceedings." *Id*.  It is therefore not enough that a dispute was alive at the time the action was filed, the parties "must continue to have a personal stake in the outcome of the lawsuit" in order to sustain the federal court's jurisdiction. *Id*. at 477-78.  When the issues presented are no longer "live," or the parties lack a legally cognizable interest in the outcome, an action is moot. *Ruiz v. City of Santa Maria*, 160 F.3d 543, 549 (9th Cir. 1998).

Here, the sole issue presented by Petitioner is whether the BOP properly deemed her ineligible to earn and apply ETCs to her sentence because she was convicted of an offense involving 40 grams or more of fentanyl.  *See* Dkt. 1 at 2.  Though that was the position originally adopted by the BOP, the BOP has since appropriately deemed Petitioner eligible to earn and apply ETCs under the FSA.  Because the relief Petitioner sought by way of this federal habeas action has effectively been granted, Petitioner has no injury that could be redressed by this Court and her petition is therefore moot.  *See Lewis*, 494 U.S. at 477.

## IV.   CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's federal habeas petition and this action be dismissed as moot.  A proposed order accompanies this report and recommendation.

Objections to this report and recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this report and

recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 27, 2023**.

DATED this 6th day of October, 2023.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge